## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH MOULDS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0724** |
| **PHOENIX LIFE INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

Elizabeth Moulds filed a "Motion for New Trial," which is construed as an objection to the Magistrate Judge's February 8, 2006 denial of her motion for leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 72(a).  <u>See</u> Document #27.

**IT IS HEREBY ORDERED** that Moulds's objection to the magistrate judge's order is **OVERRULED**, and the motion to amend the complaint is **DENIED**.  (Document #28.)

### BACKGROUND AND DISCUSSION

On January 11, 2006, Moulds filed a "Motion for Leave to File First Amended Petition" to add a claim under the Louisiana Unfair Trade Practices Act (LUTPA).  Moulds' proposed amended complaint alleges that Phoenix violated LUTPA by engaging in a general business practice of using adhesionary tactics, as evidenced by similar behavior when Moulds completed a subsequent application to obtain another policy of insurance and annuity with Phoenix.  The

magistrate judge denied leave to amend after considering the following factors:  undue delay,

bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and

futility of amendment.

The magistrate judge found that the deadline of June 6, 2005 for the amendment of

pleadings had long passed, and Moulds had not shown good cause to modify the scheduling

order.  The magistrate judge concluded that Mould's explanation for the failure to amend timely

was based on "a vague claim that information needed to support the amendment because known

only through recent discovery," but it appeared from the exhibits offered at oral argument "that

plaintiff had information sufficient to assert the claim months and months ago but delayed

unduly in asserting the amendment."  Further, the defendant would be prejudiced by having little

time to defend against the amended complaint because the deadline for discovery was imminent,

the pretrial conference is scheduled for March 16, 2006, and the trial is set on March 27, 2006.[1]

In addition, the magistrate judge found that "the amendment is not important because it would be

futile, for all of the reasons set forth in the opposition memorandum."

The court has carefully considered the magistrate judge's decision and the applicable

law, and finds that it is not clearly erroneous.  See Perales v. Casillas, 950 F.2d 1066, 1070 (5th

Cir. 1992); 28 U.S.C. § 636(b)(1)(A) (An order issued by a magistrate judge concerning

nondispositive pretrial matters is reviewed by the district court under the clearly erroneous

standard.).  Specifically, the court finds that it would be futile to permit Moulds to amend her

---

[1]     The trial was originally scheduled for November 14, 2005, but was continued
because of Hurricane Katrina.

2

complaint to add the LUTPA claim.  The "Louisiana Insurance Commissioner has express

jurisdiction over the alleged activities in question," and  LUTPA does not apply to actions or

transactions subject to the jurisdiction of the insurance commission.  See A-I Nursery v. Teacher

Associates, 682 So.2d 929, 931 (La. Ct. App. 1996) ("Pursuant to La. Rev. Stat. 51:1406(1), the

provisions of the LUTPA do not apply to actions or transactions subject to the jurisdiction of the

commissioner of insurance.").[2]  Further, there is no private cause of action relating to insurance

fraud under the Louisiana Insurance Code.  See A-I Nursery v. Teacher Associates, 682 So.2d at

931-32.

     Accordingly, good cause has not been shown to permit the amendment of the complaint,

and the objection to the magistrate judge's denial of the motion to amend the complaint is

**OVERRULED**.

     New Orleans, Louisiana, this  10th  day of March, 2006.

_Mary Ann Vial Lemmon_

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2]    La. Rev. Stat. 22:1211 sets forth the purpose of the "Unfair Trade Practices" Part of the Louisiana Insurance Code:  "to regulate the trade practices in the business of insurance." Section 1213 provides:

    No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance.